# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04CR69-01

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **WAYNE FORREST COGDILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on July 28, 2005 by the United States Probation Office. In the violation report, the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Calvin Coleman, and that the Government was present through Assistant United States Attorney, Donald Gast, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter on for hearing, the defendant, by and through his attorney, denied the allegations contained in the violation report that had been filed on July 28, 2005. On the 21st of December 2004 the defendant entered a plea of guilty in this matter. On May 16, 2005 the defendant appeared before United States District Judge Lacy H. Thornburg for the purpose of sentencing. The defendant was sentenced by Judge Thornburg to an active term of imprisonment of eighteen (18) months. The defendant was allowed, by Judge Thornburg, to self report to serve

his term of imprisonment. The defendant is scheduled to report to the federal prison facility in Lexington, Kentucky on August 12, 2005. The violation report alleged that the defendant, on June 30, 2005, had submitted to a urinalysis which tested positive for amphetamine/methamphetamine. The Government introduced, without objection, the violation report into evidence. Testimony was then presented by the Government through Angela Pickett, United States Probation Officer, and Eric Simpson, United States Probation Officer.

The defendant was charged, in a Bill of Indictment filed July 28, 2004, as being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1). A hearing was held in regard to detention of the defendant on November 15, 2004. On that date, the undersigned entered an order releasing the defendant on a $22,500.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On June 30, 2005, the defendant submitted to an urinalysis drug test. The preliminary result tested positive for methamphetamine. United States Probation Officer Pickett forwarded the specimen to Scientific Testing Laboratories, Inc. of 450 Southlake Blvd., Richmond, Virginia. Scientific Testing Laboratories, Inc. has been selected by the Administrative Office of the Courts as the testing facility to be used by all United States Probation Officers across the United States for scientific testing of urine for controlled substances. The result of the test showed that the test was

positive for methamphetamine. The written test result showing the positive test for use of methamphetamine by the defendant was admitted into evidence by the undersigned as Exhibit "S-3".

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a
> Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any
> other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there
> is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination
> of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is also probable cause to believe that the defendant committed a Federal and State crime while on release. The defendant consumed methamphetamine. The consumption of methamphetamine is a misdemeanor under Federal law, 21 U.S.C. 844. The consumption of methamphetamine is a felony under State law, N.C.G.S. 90-95(a)(3). Due to the fact there is probable cause to believe that the defendant committed a State felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. I

There has further been shown by clear and convincing evidence that the defendant violated

3

other conditions of release in that it has been shown by clear and convincing evidence that the defendant has violated the terms and conditions that state that "he shall not commit any offense in violation of Federal, State or local law while on release in regard to this case." The possession and consumption of methamphetamine are violations of Federal and State law. The defendant further violated the terms and conditions of his pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. The defendant has violated this condition by using and consuming methamphetamine which is a drug which is not prescribed by licensed medical practitioners.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** th**a**t the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained and presented by the United States Marshals for service of sentence.

**Signed: August 8, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge